Argued March 25, reversed May 19, 1925.

HILDA STANFIELD v. ZELLA S. FLETCHER.

(236 Pac. 258.)

**Trial—Refusal of Instruction on Contributory Negligence not Error, Where not Raised by Pleading.**

1. In action under Employers' Liability Act (U. S. Comp. Stats., §§ 8657–8665) for death of employee, where there was no plea of contributory negligence, refusal of plaintiff's requested instruction on contributory negligence was not error.

**Appeal and Error—Master and Servant—Instruction, Imposing Duty of Ordinary Care on Employer Using Machinery Inherently Dangerous, Held Error.**

2. Under Employers' Liability Act (U. S. Comp. Stats., §§ 8657–8665), an employer, using machinery inherently dangerous, must

---

1. See 14 R. C. L. 784.
2. Care required of master in providing safe appliances, see note in 1 Ann. Cas. 340. See, also, 18 R. C. L. 546.

use every precaution and device consistent with proper operation
of such machinery to protect employees, and instruction that or-
dinary care was measure of employer's duty in regard to such
machinery was error and requires reversal, where such error might
have produced verdict for defendant.

See (1) 38 Cyc. 1615.   (2) 4 C. J. 1031; 26 Cyc. 1499.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.

This is an action under the Employers' Liability
Act.   The plaintiff is the widow of Ray Stanfield and
seeks to recover damages on account of his death
as a result of an accident while he was employed on
the farm of the defendant.   The injuries of the de-
cedent occurred while he was operating a gasoline
engine propelling a wood-saw some ten feet distant
therefrom, the two being connected by means of a
belt.   No guards or protection of any kind were
used to keep the limbs or clothing of any person
operating said engine out of the belting, flywheel
and other machinery, all of which was wholly ex-
posed.   No one but the decedent was present when
the accident occurred, and both parties had to rely
entirely upon circumstantial evidence to sustain their
respective theories as to how the accident occurred.

The complaint states that the plaintiff was the
widow of Ray Stanfield, who lost his life on the
fifteenth day of April, 1922, in the accident therein-
after set forth.

It is alleged that Stanfield was employed by the
defendant as a farm-hand and was at the time he met
his death so employed.   That by the terms of em-
ployment between defendant and Stanfield it was
understood and agreed that Stanfield would operate
the farm of defendant and do general farm work

thereupon, and that he would furnish wood for defendant's domestic use, and do such other work as was necessary in the general operation of the farm, for which defendant agreed to pay Stanfield the sum of $75 a month and furnish a house for him and his family to live in, and to furnish him with wood and other commodities, Stanfield by the terms of employment being required to cut his own wood from the timber on said place, as well as the wood to be used by defendant for domestic purposes.

The complaint states that for the purpose of sawing wood for domestic use for defendant and said Stanfield, defendant maintained and operated upon said place certain machinery, which consisted of a gasoline engine located and placed in a shed, which said engine was used for operating a pumping plant, as well as a wood-sawing device, the same being located in said shed so that by proper connections the same could be sometimes connected with said wood-sawing device, and that when said gasoline engine was connected with said wood-sawing device with a belt, said belt was placed upon the flywheel attached to said gasoline engine approximately two feet in diameter; said belt then projected through the cut in the side of said shed to another flywheel or pulley attached to said wood-sawing device; said wood-sawing device consisting of ordinary pulleys and machinery attached to a circular saw, and that when said gasoline engine was connected with said wood-sawing device, the belt making the connection ran through said hole in said shed approximately eight inches from one side of said hole. That said hole in said shed was approximately five feet wide, and that the flywheels and pulleys upon said device were from two to four feet from the ground so located that the personal apparel or

limbs or body of anyone working thereabouts could easily come in contact with the machinery of both the gasoline engine and the wood-sawing device.

"That defendant carelessly and negligently provided said machinery for operation by the said Ray Stanfield without providing any covering therefor, or without protecting the same to any extent whatsoever, and carelessly and negligently maintained the same in such a crowded position that a person attempting to operate the same would have to come in close proximity thereto, and that guards, coverings and protections could have been placed upon and about the said machinery so that the apparel or limbs or body of a person working thereabouts could not come in contact therewith, without interfering with the proper operation of said machinery.

"That on the 15th day of April, 1922, while the said Ray Stanfield was in the employ of said defendant, as aforesaid, and while he was operating said machinery, and while reaching over said machinery so as to adjust the supply of gasoline for said gasoline engine, the wearing apparel of the said Ray Stanfield became involved in said machinery violently throwing the said Ray Stanfield to the floor of the shed in which said engine is located, violently striking his head upon the floor thereof, causing concussion of the brain and instant death to the said Ray Stanfield.

"That the carelessness and negligence of defendant, as aforesaid, was the direct and proximate cause of said accident and the death of the said Ray Stanfield caused thereby."

The defendant answered, admitting that plaintiff was the widow of Ray Stanfield and denying every other matter set forth and alleged in the complaint. There was a jury trial and a verdict for the defendant from which plaintiff appeals.

The plaintiff requested the following instructions, which were denied except as given in the general charge as hereinafter noted:

"You are instructed that the provision of the Employers' Liability Act which requires all owners of dangerous machinery to keep the same securely covered and protected to the fullest extent that the proper operation of the machinery permits, applies to machinery used on farms in connection with farm business as well as to factories, mills and other machinery."

"You are further instructed that the doctrine of assumption of the risk has no application to this case; that if the plaintiff has shown that the defendant was negligent in the manner set forth in the complaint, plaintiff's recovery cannot be defeated because deceased knew of these conditions and continued to work with them."

"The statute has enlarged the duty of the master and instead of being satisfied with the exercise of reasonable care the law now requires the master to use every device, care and precaution which it is practicable to use for the safety of the servant. 'Since the duty of the master has been enlarged it necessarily follows that usage is not necessarily a conclusive test of the performance of that duty. It may or it may not be the custom of employers to obey the statute and yet not one of them can be excused from obeying the statute even though every one of them has disobeyed its mandate. * * The fact that others do not guard their machines does not of itself excuse any other employer from protecting his machine; nor does the fact that there are no guards on the market of itself relieve any employer from guarding against a danger. There are two principal questions to be answered: Does the machine involve a risk or danger? and, Is it practicable to guard the danger and at the same time preserve the efficiency of the machine?' *Camenzind* v. *Freeland Furniture Co.*, 89 Or. 158, 173, 174 (174 Pac. 139)."

"The defendant in this case does not plead that the plaintiff's husband was guilty of contributory negligence in connection with the accident in question. If from the plaintiff's evidence in this case it should appear that the defendant was guilty of negligence as charged in the complaint as the proximate cause of the accident, and it also appears from plaintiff's evidence that plaintiff's husband was guilty of negligence contributing to the accident, this alone would not defeat the plaintiff's recovery in this action, but could be considered by you in mitigation of damages. In such a case, in determining the amount of such damages, you should compare the contributory negligence of plaintiff's husband with the negligence of defendant, and the damages to be awarded would be in the same proportion to the whole damage sustained by the plaintiff as the defendant's negligence bore to the combined negligence of defendant and plaintiff's husband, in causing the accident in question."

Amongst other instructions given by the court is the following:

"The law provides that the owner, or person having charge of any work involving risk or danger to the employee, shall use every device, care and precaution which is practicable to use for the protection and safety of life and limb, limited only to the necessity for preserving the efficiency of the structure or apparatus, without regard to the additional cost of suitable material or safety appliance, and device. If in the pursuance of the duties of his employment, it was necessary for the plaintiff's husband to be where he was, or if his work involved a risk or danger to him, then it was the duty of the defendant to use every device, care and precaution which it was practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure or apparatus, and without regard to the additional cost of suitable material.

"The kind of employment protected by the statute is that which is beset with danger, or that which under the circumstances or manner in which it is being executed is rendered dangerous. You are to determine from a consideration of all the evidence in this case, whether or not it was inherently dangerous to operate such machinery. If, after such consideration, you find by a preponderance of the evidence that such machinery was inherently dangerous, or was operated under conditions or circumstances rendering it inherently dangerous, you should determine whether or not it could have been covered or guarded without necessarily limiting the efficiency of such machinery. Among other issues in this case, the plaintiff must prove by the preponderance of the evidence, not only that the machinery was inherently dangerous, or was being operated under such conditions or circumstances as to render it inherently dangerous, but that it could have been covered or guarded without necessarily limiting its efficiency."

REVERSED.

For appellant there was a brief and oral arguments by *Mr. Roy F. Shields* and *Mr. W. C. Winslow.*

For respondent there was a brief over the names of *Mr. John H. McNary, Mr. Carey F. Martin* and *Mr. A. O. Condit,* with oral arguments by *Mr. McNary* and *Mr. Martin.*

McBRIDE, C. J.—1. It will be noticed, as to the requested instruction respecting contributory negligence, that there is no plea of contributory negligence in the answer. Defendant simply denies her own negligence in the matter so that contributory negligence is not in the case; and, as a general rule, courts are not required to instruct upon issues not made by the pleadings. This, however, is not an absolute rule, as there may arise from the testimony, or from circumstances attending the trial, a neces-

sity for instructions not specifically within the issues, but necessary to enable the jury to appraise fully the evidence and its effect. This may be by way of cautionary instructions or may arise from a variety of causes and is most generally within the discretion of the court. But, we fail to see the necessity for it in the case at bar, and we cannot conceive how the plaintiff was injured by the refusal of the court to give such instructions. In fact, there is no evidence whatever of contributory negligence on the part of the decedent. It is a plain question before the jury as to whether the decedent, at the time he was injured, was doing an act within the scope of the employment, or engaged in sawing his own wood for his own use upon his own time and not his employer's; and, whether the accident was caused by an inherent defect in the machinery, or failure to properly guard it. There is some circumstantial evidence tending to show that his clothing was in some way caught in the machinery in such a manner as to have resulted in his death. This evidence is slight but sufficient to go to the jury. The evidence as to the necessity and practicability of guarding the machinery was contradictory and was submitted to the jury by proper instructions. Taking the instructions given by the court as a whole, they seem to us to have been quite as favorable to the plaintiff in these respects as the law justifies, and, so far as relevant here, it would seem not improper to give all those contained in the bill of exceptions.

## "VI.

"Defendant by her answer admits the plaintiff to be the widow of Ray Stanfield, deceased, but denies each and every other allegation of the complaint. The first issue in this case is the alleged employ-

ment by the defendant of Ray Stanfield, the plaintiff's deceased husband, and upon that issue the burden of proof is with the plaintiff, and she must show an employment before she can recover, but it is not necessary she should show a direct contract of employment. If you should find from the evidence that Ray Stanfield at the time of the accident complained of, was performing work and labor on defendant's farm, with her knowledge and consent, then he was, for the purposes of this case, in the employ of the defendant.

## "VII.

"The complaint charges certain acts of negligence on the part of the defendant; in determining whether the defendant was negligent you should only consider whether the defendant was negligent in the particular respects alleged in the complaint and you are not to consider whether defendant may have been negligent in some other respects which have not been charged in the complaint. In other words, if the plaintiff is entitled to recover at all she would be entitled to recover only on account of negligence alleged in the complaint.

## "VIII.

"The law provides that the owner, or person having charge of any work involving risk or danger to the employee, shall use every device, care and precaution which is practicable to use for the protection and safety of life and limb, limited only to the necessity for preserving the efficiency of the structure or apparatus, without regard to the additional cost of suitable material or safety appliance, and device. If in the pursuance of the duties of his employment, it was necessary for the plaintiff's husband to be where he was, or if his work involved a risk or danger to him, then it was the duty of the defendant to use every device, care and precaution which it was practicable to use for the protection and safety of life and limb, limited only by the necessity for

preserving the efficiency of the structure or apparatus, and without regard to the additional cost of suitable material.

"The kind of employment protected by the statute is that which is beset with danger, or that which under the circumstances or manner in which it is being executed is rendered dangerous. You are to determine from a consideration of all the evidence in this case, whether or not it was inherently dangerous to operate such machinery. If, after such consideration, you find by a preponderance of the evidence that such machinery was inherently dangerous, or was operated under conditions or circumstances rendering it inherently dangerous, you should determine whether or not it could have been covered or guarded without necessarily limiting the efficiency of such machinery. Among other issues in this case, the plaintiff must prove by the preponderance of the evidence, not only that the machinery was inherently dangerous, or was being operated under such conditions or circumstances as to render it inherently dangerous, but that it could have been covered or guarded without necessarily limiting its efficiency.

### "IX.

"The duty imposed upon the master by the Employers' Liability Act is a nondelegable duty, and therefore when we once determine the duty imposed upon the master we find a duty which is absolute, nondelegable and continuing; the employer can not absolve himself from the performance of it nor can he delegate it to the employee, but it adheres to him without the possibility of suspension or interruption.

### "X.

"If there are no guards on the market and none known to the employer or if the guards on the market and those known to him are not reasonably suitable he is nevertheless required to exercise the care, capacity and intelligence of a reasonably pru-

dent and ordinarily intelligent person to suggest and fashion a reasonably suitable guard.

## "XI.

"Under the Employers' Liability Act, the employer does not perform his duty by merely directing the employees to safeguard the machinery, if dangerous, even if the employee agrees so to do. The legal duty resting on the employer is absolute and nondelegable and he must see that it is performed.

## "XII.

"I have already told you that the law of this state requires owners of dangerous machinery to keep the same securely covered and protected to the fullest extent that the proper operation of the machinery permits, and I now instruct you that a violation of this law is negligence in and of itself.

## "XIII.

"'Dangerous' means attendant or beset with danger, perilous, hazardous, unsafe. The word 'dangerous' is the opposite of the word 'safe.'

## "XIV.

"If you find from the evidence that the accident described in the complaint was caused solely by the fault of the plaintiff's husband, your verdict should be for the defendant.

## "XVI.

"You are instructed that the charge of negligence made by the plaintiff against the defendant must be proven by a preponderance of the evidence, and you have no right to presume negligence, and if the evidence does not preponderate in favor of the plaintiff on that issue, your verdict must be for the defendant. In considering whether the defendant was guilty of negligence, you should only consider

whether the defendant was negligent in the particular respect alleged in the complaint, and you are not to consider whether the defendant may have been negligent in some other respects which have not been charged in the complaint; in other words, if the plaintiff is entitled to prevail she would be entitled to recover only on account of the negligence alleged in the complaint.

### "XVII.

"The court instructs the jury that negligence is defined to be that want of ordinary care, that is, such care as an ordinarily prudent person would exercise under like circumstances. There is no precise definition of ordinary care, but it may be said that it is the care which an ordinarily prudent person would exercise under like circumstances, and should be proportioned to the danger and peril reasonably to be apprehended from a lack of proper prudence."

2. The last instruction, number seventeen, defining common-law negligence, was, however, misleading as applied to the case at bar, because it in substance suggested to the jury that ordinary care was the measure of a person's duty in regard to machinery inherently dangerous, which is not the law. And, in view of the other instructions given by the court, was contradictory to those. Ordinary care is not the rule in regard to machinery inherently dangerous, but the law, as previously stated by the court, requires the employer, using such machinery, to use every precaution and device consistent with the proper operation of such machinery to protect those employees using it from danger. This is the measure of prudence which goes beyond ordinary care and the giving of the last instruction quoted was error; negligence in cases of this character being a failure to comply

with the requirements of the statute.  It is not clear that such instruction produced the verdict that was rendered, but the case was a close one on the testi-mony and it might have done so.  For this reason the judgment must be reversed and a new trial directed.                    REVERSED AND REMANDED.

BEAN, BROWN and BELT, JJ., concur.